330 So.2d 91 (1976)
Thomas Jefferson TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. Y-254.
District Court of Appeal of Florida, First District.
April 13, 1976.
Bartley K. Vickers of Mahon, Farley & Vickers, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant, defendant below, appeals his conviction of breaking and entering with intent to commit a misdemeanor (petit larceny), and the refusal of the trial court to allow defense counsel in his closing argument to relate his version of the facts to the instructions of law anticipated to be given by the court.
The evidence at trial revealed that on February 8, 1975, Emily Sue Grimsley returned to her trailer home in Hillard, Florida, and noticed that her trailer had been broken into and that a television, tape deck, and two speakers were missing. The Nassau County Sheriff's Office was contacted and dispatched three deputies to the scene. The investigation resulted in the discovery of some footprints near the trailer leading to a little marshy area where a television set, stereo, and two speakers were found. The deputies secreted themselves and observed the scene for approximately an hour and one-half, at which time they saw a car being parked across the road from the marshy area where the property was found. Two persons got out of the car but returned after a few moments. Deputy Ellis, who was the only officer on the scene at the time, was unable to identify the two persons or state whether they were male or female. After the two persons got back into the car, it remained in place for a minute or two, then pulled off. The officers began pursuit. They then observed items being thrown out of the window of the car. At about the same time, the officers turned on their blue lights in an attempt to stop the vehicle. From the time that the officers turned on their blue lights, the vehicle which contained appellant and three companions traveled between one-fourth to one-half mile and reached speeds in excess of 70 miles per hour.
After the vehicle was stopped, the deputies observed two males and two females in the car. Appellant, who was the driver, was wearing trousers which had dry cuffs while the other male occupant of the car had trousers with wet cuffs. Officer Ellis stated that one could not walk in the marshy area where the stolen property was without getting one's pants legs wet. The deputies recovered the items which had *92 been thrown out of the vehicle which were identified as a stereo speaker, a stereo, and television set. Another stereo speaker was found in the backseat of the vehicle.
After denial of his motion for directed verdict as to the breaking and entering charge, appellant testified. He claimed that on the night in question, Terry Crider appeared at appellant's home and asked him to drive Crider to Hillard. On the way, Crider asked appellant to pull off the road. Appellant surmised that Crider had to respond to a call of nature. When Crider got out of the car, walked over to the marshy area, and began bringing the items of property back to the car, appellant claims that he told Crider that he wanted no part of it. As appellant pulled off, Crider started throwing the property out of the window. Appellant further testified that when he saw the police lights behind him, he pulled off the road and stopped, at which point he was arrested.
The facts in this case are clearly distinguishable from those in our recent case of Palmer v. State, Fla.App.1st 1975, 323 So.2d 612. In that case, the inference based upon the unexplained possession of recently stolen goods was found to be applicable because of the visibility of stolen goods, the defendant's control of the car while driving, and the presence of other evidence in the record that defendant was, and had been, acting in concert with his companions. In the instant case, the evidence is entirely consistent with appellant's version of events. He claims that he did not have anything to do with attaining the stolen property. The testimony of Deputy Ellis supports that assertion, in light of the fact that the stolen property was in a marshy area, and anyone retrieving the property would have dampened his (or her) clothes. Deputy Ellis further testified that appellant's pants legs were dry while those of the other male occupant of the car were wet. Finally, the record fails to indicate that appellant in any manner acted in concert with his companions.
Also distinguishable is State v. Young, Sup.Ct.Fla. 1968, 217 So.2d 567, cert. den. 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101. In the Young decision, as in Palmer v. State, supra, the issue was whether the trial court's instruction to the jury concerning the inference respecting the unexplained possession of recently stolen goods was proper. The court in Young approached the problem in the light of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In the Young case, even the District Court decision, which was quashed by the Forida Supreme Court, recognized that the evidence was sufficient to sustain the conviction and support the presumption. (See Young v. State, Fla.App.4th 1967, 203 So.2d 650, 652) In the case sub judice, our examination of the record clearly reveals that the evidence was not so sufficient. The following language in Harrison v. State, Fla. App.1st 1958, 104 So.2d 391, is particularly appropriate:
"When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction." (104 So.2d at 394-395) (Emphasis the Courts)
*93 Also, here apropos is the observation by the author of the Harrison opinion:
"We are fully aware of the burden which our system of jurisprudence places upon those charged with enforcement of the law. In the absence of positive evidence resort must be frequently made to circumstances. When evidence of this kind is relied upon for conviction, it should be acted upon with extreme caution. Our responsibility in such cases  human liberty being involved  is doubly great. The cloak of liberty and freedom is far too precious a garment to be trampled in the dust of mere inference compounded. As was stated in Adams v. State, this court is fully cognizant of the rule that conviction may be had upon circumstantial evidence alone, and although the State's burden does not extend to an absolute metaphysical and demonstrative certainty in proving a crime by circumstantial evidence, it must be sufficient as to every essential element of the crime charged to meet the requirement of the rule as set forth above. When measured in a light most favorable to the State, the evidence adduced in this case is not sufficient to close the gap to the reasonable hypotheses of innocence; and is therefore insufficient to sustain conviction." (104 So.2d 391 at 395) (footnotes omitted)
While we find that we must reverse appellant's conviction on the basis of insufficiency of the evidence, we also deem it desirable for the guidance of the Bench and Bar alike to comment on the second point raised by appellant. In his closing argument, appellant's counsel attempted to argue application of the facts of the case to the law to be charged by the court. As he was telling the jury what the trial court would instruct them concerning circumstantial evidence, the prosecutor objected on the ground that counsel should not lecture the jury on what the law is. The trial court sustained the objection. The state did not contend that the defense attorney had misstated the applicable law. While it is not the prerogative of an attorney in his closing arguments to instruct the jury on the law, it is entirely appropriate for an attorney in closing argument to relate the applicable law to the facts of the case. One of the purposes in having a conference on jury instructions before closing arguments is to allow the attorneys to be aware of the law so that they will be able to properly relate the law to the facts in their argument. An attorney should therefore be allowed to explain to the jury those instructions which are relevant to his theory of the case and to emphasize any portion of the jury charge that he feels to be pertinent. Certainly, no attorney should misstate the law, and should he do so then opposing counsel has the right to (and should) object.
Because the evidence was insufficient to support appellant's conviction, we reverse his conviction and order him discharged.
Reversed with directions.
RAWLS and McCORD, JJ., concur.