RAWLS, Acting Chief Judge
(dissenting). “When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense.
“ . . . The cloak of liberty and freedom is far too precious a garment to be trampled in the dust of mere inference compounded. As was stated in Adams v. State, this court is fully cognizant of the rule that conviction may be had upon circumstantial evidence alone, and although the State’s burden does not extend to an absolute metaphysical and demonstrative certainty in proving a crime by circumstantial evidence, it must be sufficient as to every essential element of the crime charged to meet the requirement of the rule as set forth above. »[1]
*811 What evidence did the state adduce to prove that Robinson, Crenshaw and Davis, on the 21st day of January, 1976, did unlawfully enter the property of Mr. Humphrey with the intent to commit grand larceny and did steal camera equipment and blank checks of more than $100.00 value? My answer is “not enough”. Mr. Humphrey testified that Crenshaw[2] had been temporarily employed by him in November of 1974; that he (Humphrey) was absent from his locked store on the day in question from 7:40 to 8:40 p. m., and upon returning found that the door had been jimmied and camera equipment valued at $2,000.00 along with blank checks had been stolen. The breaking and entering and theft was, without contradiction, proven.
As to appellants’ involvement in this criminal episode, the state adduced the testimony of two police officers (they were in separate vehicles) who testified that on the subject date, they stopped an automobile at about 9:00 p. m. which appellant Davis was driving, with Crenshaw in the right front seat and Robinson in the left rear seat. The officers found a pile of checks on the rear floorboard of the car between Robinson’s feet and a check under the right front seat which had been endorsed by a Robert Lewis.[3] These checks were identified as having been stolen from Mr. Humphrey.
In my view, the trial court erred in denying appellants’ motion for directed verdict at the close of the state’s case. The above recited evidence is the sole proof adduced by the state to sustain its burden of proof that these appellants broke and entered into Humphrey’s store, stole some $2,000.00 worth of camera equipment and a “pile” of his business checks. Equally important is what the state failed to prove. No evidence, circumstantial or otherwise, was offered placing these appellants in the vicinity of Humphrey’s store at the time of the burglary; no evidence as to any burglary tools used; no evidence as to the disposal of the stolen camera equipment; and no evidence, other than McDougal’s fingerprints on a check, of knowing possession of the stolen checks. Glaringly missing is any other circumstantial evidence to bolster the state’s case, such as flight, concealment, resistance to a lawful arrest, presence at the scene of the crime, or incriminating fingerprints of these appellants.[4] The possession of stolen goods is a fact from which appellants’ complicity may be inferred. But, the possession must be personal and must involve a distinct and conscious assertion by the appellants. The missing factual link which distinguishes these facts from Palmer v. State[5] is that, there, the stolen property was “under the knowing dominions of all the defendants”. The facts here are more analogous to those recited in Taylor v. State, supra; Harris v. State;[6] and Thomas v. State.[7]
I would reverse with directions that appellants be discharged.

. Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958). See also Taylor v. State, 330 So.2d 91 (Fla. 1st DCA 1976).

. Humphrey also testified that nothing was found missing from his business during the time Crenshaw as employed by him.

. Another defendant McDougal, was occupying the right rear seat. His fingerprints were found on the checks. He is not a party in this appeal.

. State v. Young, 217 So.2d 567 (Fla.1968).

. Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975).

. Harris v. State, 307 So.2d 218 (Fla.3rd DCA 1974).

. Thomas v. State, 297 So.2d 850 (Fla.4th DCA 1974).