377 So.2d 205 (1979)
Johnny Lee ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 79-21.
District Court of Appeal of Florida, Second District.
November 7, 1979.
Rehearing Denied December 6, 1979.
*206 Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
STARNES, HUGH E., Associate Judge.
During trial the court allowed testimony over defendant's objection by an employee of a grocery store that he had seen defendant's wife in the store putting items in her purse several days before the date of the alleged crime. Although defendant was also in the store with her on the earlier date, he was in a different part of the store when his wife was seen putting the items in her purse. The defendant was charged with theft of items on the later date at which time the employee testified he observed both defendant and his wife taking items out of the store without paying for them. Defendant at that time denied knowing the woman.
Defendant argues on appeal that the testimony of his wife's activities on the earlier date should have been excluded. We agree.
The Williams rule regarding admissibility of prior criminal activity does not apply because the prior criminal activity was not that of a defendant. Williams v. State, 110 So.2d 654 (Fla. 1959). Neither was it necessary to detail the full account of the prior activity to negative an anticipated defense that the defendant did not know the woman. Testimony that they were seen entering the store together on the earlier date would have been sufficient for that purpose without the testimony regarding the wife's criminal activities.
The State argues that testimony of the entire prior incident was necessary to explain the reason for the employee's surveillance. This circumstance is controlled, however, by Hirsch v. State, 279 So.2d 866 (Fla. 1973), in that the testimony is not relevant to the crime charged and is highly prejudicial by inferring criminal conduct on the part of defendant from criminal conduct of a third party.
Since the case must be returned to the trial court, we point out that the assessment of court costs against the defendant should not have been ordered since he was indigent. Hensley v. State, 363 So.2d 352 (Fla. 2d DCA 1978).
The judgment of guilt and sentence are reversed, and the cause is remanded for a new trial.
HOBSON, Acting C.J., concurs.
OTT, J., dissents without opinion.