400 So.2d 188 (1981)
Joe BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. YY-335.
District Court of Appeal of Florida, First District.
June 26, 1981.
Gerald A. McGill, of Wells, Brown & Brady, Pensacola, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
PER CURIAM.
Defendant appeals his convictions for burglary and grand theft arguing the State improperly introduced evidence of collateral crimes committed by a state witness. We reverse.
Early in 1980 a rash of burglaries were committed in Escambia County, where vice grips were used to gain access to dwellings. Appellant was charged with having been involved in one such burglary on January 26, 1980. Prior to trial, a motion in limine was filed requesting the State be prohibited from presenting collateral matters concerning crimes committed by a state witness other than the burglary and grand theft of January 26, 1980. The motion was denied and over defense objections James F. Marshall was permitted to testify as to involvement in approximately 100 vice grip burglaries in a three-month period. Marshall testified as to numerous other persons who were involved in various burglaries with him, what property was taken, where it was fenced, and for what the proceeds were used. Marshall testified that he and appellant were friends throughout the time these vice grip burglaries were committed, and Marshall testified that appellant was friends with each of the other named individuals who participated in these burglaries.
Marshall's testimony did not constitute proper Williams Rule[1] testimony as it did *189 not involve testimony of prior criminal activity of the defendant. Hirsch v. State, 279 So.2d 866 (Fla. 1973); Armstrong v. State, 377 So.2d 205 (Fla. 2d DCA 1979). Had the testimony been relevant we would still be compelled to reverse as the State made these collateral offenses a feature of the trial instead of an incident thereto. Williams v. State, 117 So.2d 473 (Fla. 1960). As in Fulton v. State, 335 So.2d 280 (Fla. 1976), the possible "spill-over" effect, when a jury's perception of the defendant may have been colored by the knowledge of a friend's involvement in a collateral matter, requires reversal.
REVERSED AND REMANDED for proceedings consistent with this opinion.
MILLS, C.J., and SHAW, J., concur.
JOANOS, J., dissents with written opinion.
JOANOS, Judge, dissenting:
I respectfully dissent. The testimony of the witness Marshall that was objected to was essentially that he had been involved in a large series of burglaries, had been sentenced on some of them, had agreed to cooperate with law enforcement in exchange for a representation that they would "... do some talking to the judge ...", and would be sentenced on some of the burglaries after his testimony in this proceeding. Marshall's testimony could be received by the trial judge because it disclosed to the jury the possibility of bias and self-interest that he had in the situation. Marshall had struck a deal with the State. Had the State not apprised the jury of it, appellant had the right to do so. The testimony was relevant as it went to Marshall's interest and credibility. Jacobson v. State, 375 So.2d 1133 (Fla. 3d DCA 1979), cert. denied 385 So.2d 758, Fulton v. State, 335 So.2d 280 (Fla. 1976); Holt v. State 378 So.2d 106 (Fla. 5th DCA 1980). In order for the jury to evaluate the credibility of Marshall, it was proper for it to be informed of the burglaries that he had pled guilty to and the bargain that he had made with the State. Crespo v. State 344 So.2d 598 (Fla. 3d DCA 1977).
Williams v. State, 117 So.2d 473 (Fla. 1960) is distinguishable. That case involved evidence regarding the defendant's activities and not that of a witness. I have no argument with a principle that evidence of a defendant's activities not encompassed in the charge may be unduly prejudicial. But in this case, we are dealing with the activities of a witness. Marshall's testimony did not contain even an inference that the appellant participated in any of the criminal activities testified to for which appellant was not charged.
Appellant argues that Marshall's testimony that he was a friend of appellant and that he was also a friend of the others that he committed burglaries with was especially prejudical. Members of juries do not leave their common sense at home and the jury in this case was specifically instructed pursuant to a standard jury instruction to use their common sense in their deliberations. I believe that they could be trusted to evaluate that testimony and not convict the appellant because of guilt by association. Even if the testimony of Marshall's alleged friendship with appellant and the others was irrelevant, it was harmless error.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).