FRANK, Judge.
A detailed statement of the subsidiary evidence forming the basis for Joseph Bou-chard’s conviction for the commission of a DUI manslaughter is not essential to our disposition of this matter. It is sufficient to note that the charges against Bouchard arose from a collision between his car and the decedent’s which occurred when Bou-chard executed a left hand turn across the adjacent traffic lane. The decedent was travelling at an illegally excessive speed and both he and Bouchard were intoxicated. The decedent was thrown from his car and pronounced dead at the scene.
We are left with little doubt that this is one of those “close” cases that could have terminated in a jury acquittal. The evidence supporting Bouchard’s conviction was not overwhelming. See Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987). Indeed, it might be said that the facts surrounding the accident, at best, yielded only a “triable” issue of causation.
Against that backdrop, Bouchard has presented five points on appeal and we have considered each. One of Bouchard’s valid points stems from the prosecutor’s statements in opening and closing arguments. We believe the prosecutor approached, if he did not step over, the brink of inappropriate comment in his opening and closing statements. Certainly his utterances amounting to asking the jury to send a message to the community were improper. Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982). When that occurred the trial court sustained Bouchard’s objection, denied his motion for mistrial and gave the jury a curative instruction. Nonetheless, we are unable to say beyond a reasonable doubt that the misspoken words did not prejudice the outcome of this proceeding. Cf. Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985). We are also persuaded that one of the other grounds urged in support of Bouchard’s position compels reversal. Thus, we reverse his conviction, vacate the sentence and remand for a new trial.
In Magaw v. State, 537 So.2d 564, 567 (Fla.1989), the supreme court elaborated upon and gave definition to the element of causation in prosecutions based upon section 316.193(3):
[T]he statute does not say that the operator of the vehicle must be the sole cause *1216 of the fatal accident. Moreover, the state is not required to prove that the operator's drinking caused the accident. The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice.
The state did not offer evidence from any witness who observed the impact of the two vehicles. The state’s evidence consisted mainly of witness versions of the manner in which the intoxicated decedent was driving and his speed prior to the event, the location of Bouchard’s van in the roadway before and after the accident, and the opinion of one witness that Bouchard used bad judgment in making the turn. A state trooper stated from his post-accident assessment that it was Bouchard who caused the accident.
During the course of the trial, beginning with the prosecutor’s opening statement and ending with his summation to the jury, there were no fewer than nine references to Bouchard’s lack of remorse immediately following the accident. The state presented the testimony of eight bystanders who were at the scene when the accident occurred. Of the eight witnesses, four were asked whether they heard Bouchard express remorse and each responded that Bouchard was not remorseful. The state also tendered the testimony of two highway patrolmen who answered negatively when asked if Bouchard displayed remorse.
The prejudicial characterization of Bou-chard as having been without remorse was intensified by the context in which the subject of remorse was presented to several of the witnesses. For example, after hearing from one witness that Bouchard was talking in a “belligerent tone of voice,” the prosecutor immediately asked if he manifested “any remorse for the boy lying on the road?” On another occasion a witness testified that “[h]e was more concerned over himself, a busted lip, and who was driving the van than what laid a few feet away from him.” The very next question asked of that witness was: “Did you ever hear him express any remorse for the person?” At a later point in the trial, a highway patrolman was asked to describe Bou-chard’s demeanor, and the response was “obnoxious” — “[h]e was very rude. He didn’t seem to have any concern or any remorse whatever ... remorse or anything for the young man in the roadway.” The subsequent question put to the highway patrolman produced the response that Bou-chard was concerned with his “G.D. van.”
In the face of evidence from which culpability can be extracted, appellate courts, when confronted with a likelihood of prejudicial error, must resist the temptation to find claimed error “harmless.”
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). To give full obedience to DiGuilio requires that we not determine error to be harmless by “reference to a sufficiency of the evidence test.” Id. at 1137. Thus, from our evaluation of the record in its entirety we are convinced that a zealousness to achieve Bouchard’s conviction led the prosecutor into a pernicious trial strategy aimed at converting Bouchard’s intoxicated post-accident behavior and utterances into a feature of the trial, i.e., he was simply indifferent toward the consequences of his act.
Accepting as we do that Bouchard was wholly unaffected by the decedent’s death, we are unable to concur in the state’s contention that the timely objected to testimony associated with Bouchard’s unemotional response to death was relevant to his intoxication and ability to make proper judgments. First, there was no issue as to his intoxication — that was conceded at the outset of the trial to have been the fact. Second, the record reflects an *1217 abundance of testimony indicating that Bouchard was not totally in control of his faculties and" body functions. Not only was there testimony as to his inability to ambulate without aid, the record discloses that he had defecated and urinated in his clothes. Finally, the absence of remorse is not an element in the crime of DUI manslaughter. In sum, we reject the state’s proffered justification for repeatedly exploring and bringing to the jury’s attention that Bouchard did not exhibit post-event remorse. On balance, we are convinced the trial court erred in admitting testimony that Bouchard was not remorseful following the accident and his knowledge of the death.
Accordingly, we reverse Bouchard’s conviction, vacate his sentence and remand this matter for a new trial.
RYDER, A.C.J., and SCHOONOVER, J., concur.