ALLEN, Judge.
Appellant, Ronald Richardson, appeals his conspiracy conviction alleging several points of error. We reverse on two issues presented, finding error in the trial court’s admission of evidence concerning the alleged co-conspirator’s collateral crime activity and in the trial court’s denial of the appellant’s motion for judgment of acquittal.
On January 9, 1990, the state charged appellant with conspiracy to sell or deliver cocaine and/or possess cocaine with intent to sell or deliver in violation of Sections 893.13(l)(a)l and 777.04(3), Florida Statutes. The evidence presented at trial consisted of testimony concerning collateral criminal activity of the alleged co-conspirator, who was appellant’s brother, and the tape of a telephone conversation between appellant and his brother.
We agree with appellant’s contention that admission of the evidence concerning the collateral criminal activity of his brother was error. No evidence was presented connecting appellant to the collateral crimes and, contrary to the state’s assertion, the taped conversation between appellant and his brother in no way tied appellant to his brother’s drug activities. Accordingly, we hold that the extensive testimony regarding the alleged co-conspirator’s collateral crime activity was inadmissible as irrelevant to the pending conspiracy charge against appellant. We further note that such evidence carried with it the danger of distorting the jury’s perception of appellant by focusing on the illegal acts of his brother. See Jenkins v. State, 533 So.2d 297 (Fla. 1st DCA 1988), and Banks v. State, 400 So.2d 188 (Fla. 1st DCA 1981).
We also agree with appellant’s ar- . gument that the trial court erred in denying his motion for judgment of acquittal. Other than the collateral crime evidence, the only evidence presented at trial was the tape of a telephone conversation between appellant and his brother on June 6, 1989, a transcript of which was provided to the jury. Upon our careful review of this brief exchange, which is considerably confusing and disjointed, we hold that the taped conversation was insufficient as a matter of law to form the basis upon which a jury could find, beyond every reasonable doubt, that appellant was involved in a conspiracy. See Brown v. State, 424 So.2d 950 (Fla. 1st DCA 1983).
Because the points discussed above are dispositive, we do not address appellant’s remaining arguments. The judgment is reversed, and the cause is remanded to the trial court with directions that appellant be discharged.
WENTWORTH and NIMMONS, JJ., concur.