## STATE OF FLORIDA v POTTS
### Case No. 90-1824-AC (Lower Court Case No. 90-1546-MM)
Fifth Judicial Circuit, Marion County

February 1, 1991

### APPEARANCES OF COUNSEL

**Steven Rothenburg**, Assistant State Attorney, for appellant.

**William M. DeCarlis, Esquire,** for appellee.

Before McNEAL, HILL, SPRINGSTEAD, JJ.

### OPINION OF THE COURT

McNEAL, R. , Circuit Judge.

The state appeals an order of the trial court granting appellee's Motion for a New Trial. The court granted a new trial because it found that the prosecutor's remarks during closing argument were unfair and that there was a reasonable possibility that the error affected the verdict. The state contends that the argument, which was inter-

rupted by an objection, was so incomplete that it could not have affected the jury verdict. Appellee argues that the state violated a pretrial order prohibiting the state from making a "crime in the streets" argument during closing. We find that the argument did not violate the pretrial prohibition against general statements regarding crime in society. The order granting a new trial is reversed.

Before trial appellee, who was charged with failing to report a case of abuse on an aged or disabled adult, filed a Motion in Limine to prevent the state from making "general statements about the frequency or problem of abuse in our society." The motion was granted. During closing arguments, the prosecutor made the following comment:

> Annette Crosby is a blind person. She's unable to talk. She's unable to feed herself or to take care of herself in any fashion. And the law is written this way for a very important purpose. That is so that these kinds of problems can get out of the institution and can get investigated by an investigatory body that can do something with this and prevent this type of ongoing. . .[objection occurs at this point] The court sustained the objection. The jury returned a verdict of guilty.

Final arguments by the attorneys must be directed to the issues in the case under consideration. References to problems of crime in the community are clearly prohibited. *Bouchard v State,* 556 So.2d 1215 (Fla. 2d DCA 1990) (prosecutor, in opening and closing, asked the jury to send a message to the community), *Williard v State,* 462 So.2d 102 (Fla. 2d DCA 1985) (prosecutor requested the jury to send a message to the community), *Boatwright v State,* 452 SO.2d 666 (Fla. 4th DCA 1984) (prosecutor commented that it was time to send criminals a message that "we're not gonna tolerate it any more"), *Harris v State,* 414 So.2d 557 (Fla. 3d DCA 1982) (prosecutor referred to crime on the rampage in the community). When compared with other improper comments, the incomplete argument in the instant case was innocuous. It was not a prohibited "crime in the streets" argument and was not a comment on the general problem of abuse in society. If anything, the statement was a comment on the law. While it is not proper for the attorney to instruct the jury on the law, it is proper for the attorney to relate the applicable law to the facts of the case. *Seckington v State,* 424 So.2d 194, 195 (Fla. 5th DCA 1983), *Taylor v State,* 330 So.2d 91, 93 (Fla. 1st DCA 1976). Because the comment was not improper the trial court abused its discretion in ordering a new trial. Accordingly the order granting a new trial is reversed and the judgment and sentence are reinstated. HILL, M. and SPRINGSTEAD, J., concur.