607 So.2d 500 (1992)
Stephen WILKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2456.
District Court of Appeal of Florida, Third District.
November 10, 1992.
*501 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the defendant Stephen Wilkins from final judgments of conviction and sentences for attempted first-degree murder and aggravated child abuse. We reverse and remand for a new trial.
First, the trial court committed reversible error in denying the defendant's motion to challenge for cause the prospective juror Mr. Scott because, on this record, there exists a reasonable doubt as to whether this juror could render a fair and impartial verdict. See Singer v. State, 109 So.2d 7 (Fla. 1959); Leon v. State, 396 So.2d 203 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981). We reach this result for two reasons: (a) Mr. Scott candidly stated, in response to questions from the court, that he was uncertain whether he would be influenced in his verdict by the fact that his five-year-old niece was sexually attacked a year prior and that the perpetrator was never prosecuted. ["It's kind of hard to say ... it shouldn't make any difference, but I couldn't definitely say whether it would at the particular time or not." (T.315-16)]; Mr. Scott also stated that the extreme youth of the victim in this case (ten weeks) "would make me feel a bit different. I didn't realize it was so young ... it's a tough situation, something to think about," (T.423), and Mr. Scott candidly expressed some difficulty in requiring the state to prove its case beyond a reasonable doubt ["[I]t's kind of hard to put this aside and say, we're going to start at point zero and prove the person [guilty]" (T.423-24)]. (b) Mr. Scott did not, in subsequent responses to questions, retract or modify these views in any respect; accordingly, it was entirely uncertain whether this juror could, as required by law, decide the instant case based solely on the evidence adduced at trial and follow the court's instruction as to the state's burden of proof in a criminal case. Hamilton v. State, 547 So.2d 630, 633 (Fla. 1989); Salazar v. State, 564 So.2d 1245, 1246 (Fla. 3d DCA 1990); Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990). Moreover, the point has, without dispute, been adequately preserved for appellate review. Trotter v. State, 576 So.2d 691 (Fla. 1990).
Second, we are greatly concerned by the inadmissible evidence adduced at trial by the state that (a) the defendant and his wife considered having an abortion of the baby-victim in this case, (b) the defendant had a violent temper and committed prior acts of violence, (c) the defendant's wife was physically violent to the defendant and neglected two of her children, (d) the defendant neglected one of his children, other than the victim, and (e) the defendant had no remorse for the severe injuries he inflicted on the baby-victim; we are equally concerned about the prosecuting attorney's closing argument to the jury in which this evidence was argued to the jury as evidence of guilt. Plainly, this evidence and argument was excludable at trial as it constituted an impermissible assault on the defendant's character and was otherwise irrelevant and inflammatory. United States v. Vosper, 493 F.2d 433 (5th Cir.1974); Jordan v. State, 107 Fla. 333, 144 So. 669 (1932); Bouchard v. State, 556 So.2d 1215, *502 1216-17 (Fla. 2d DCA 1990); King v. State, 545 So.2d 375 (Fla. 4th DCA), rev. denied, 551 So.2d 462 (Fla. 1989); Elkin v. State, 531 So.2d 219 (Fla. 3d DCA 1988); McClain v. State, 516 So.2d 53 (Fla. 2d DCA 1987); Rolle v. State, 431 So.2d 326 (Fla. 3d DCA 1983); Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); Banks v. State, 400 So.2d 188 (Fla. 1st DCA 1981); Armstrong v. State, 377 So.2d 205 (Fla. 2d DCA 1979); Donaldson v. State, 369 So.2d 691 (Fla. 1st DCA 1979); Dibble v. State, 347 So.2d 1096 (Fla. 2d DCA 1977); Charles Ehrhardt, Florida Evidence § 608.2 (1992). We need not decide, however, whether such points were properly preserved for appellate review or, if not, whether the complained-of points present fundamental error inasmuch as the case will have to be retried in any event. We are, nonetheless, confident that upon retrial such improper evidence and argument will be excluded by the trial court unless the defendant otherwise places his character in issue.
Third, we find no error in the defendant's final point on appeal relating to the exclusion of certain proffered evidence, as such evidence constituted an impermissible character assault on a third party. State v. Savino, 567 So.2d 892, 894 (Fla. 1990).
The final judgments of conviction and sentences under review are reversed and the cause is remanded for a new trial.
Reversed and remanded.