721 So.2d 1206 (1998)
Barbaro MARQUEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 98-1192.
District Court of Appeal of Florida, Third District.
December 2, 1998.
*1207 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for Appellee.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
SHEVIN, J.
Barbaro Marquez appeals his convictions for burglary of a conveyance and petit theft. We reverse.
Marquez correctly asserts that the trial court erred in denying his cause challenge of a prospective juror who expressed doubt as to whether she could presume the defendant to be innocent. The record demonstrates that during voir dire, the prospective juror responded by saying, "I don't know," when asked whether she could presume the defendant to be innocent. The juror was never rehabilitated by either the state or the court. See Bryant v. State, 601 So.2d 529 (Fla.1992). The court denied Marquez's cause challenge of the juror; Marquez used a peremptory challenge to strike this juror. Thereafter, upon exhausting all his peremptory challenges, Marquez requested an additional peremptory to strike an objectionable juror. This request was denied. Marquez accepted the jury subject to his earlier objection. We agree with Marquez's assertion.
When a juror's last response indicates that the juror is potentially prejudiced, and the response is not retracted or modified, the juror must be stricken for cause. Wilkins v. State, 607 So.2d 500 (Fla. 3d DCA 1992). Although the judge did address the panel in an attempt to clarify the presumption of innocence issue, the ensuing exchange was insufficient to rehabilitate the objectionable juror. Accordingly, the convictions must be reversed, and the petit theft charge is remanded for a new trial.
Additionally, the court also erred in denying Marquez's motion for judgment of acquittal on the burglary charge. The facts presented by the state reveal that the victim was driving home with her two children when her car broke down. Marquez asked the victim if she needed help. She said yes and opened the car hood. Marquez looked under the hood, touched the battery, and asked the victim if he could try starting the car. The victim acceded. Marquez entered the car and tried to start it to no avail. He asked the victim whether she had battery booster cables. The victim went to the car trunk to retrieve them. While looking for the cables, the victim saw Marquez pull her wallet from her purse on the front seat. Upon seeing this, the victim returned to the front of the car and announced to Marquez that she was going to wait for her husband to fix the car. Marquez exited the vehicle.
These facts do not support a burglary conviction. Burglary is defined, in pertinent part, as "entering or remaining in ... a conveyance with the intent to commit an offense therein, unless ... the defendant is licensed or invited to enter or remain." § 810.02, Fla.Stat. (Supp.1996). If a defendant has permission to enter a conveyance, a "burglary conviction must be bottomed on proof that consent to `remaining in' has been withdrawn." Ray v. State, 522 So.2d 963, 965 (Fla. 3d DCA), review denied, 531 So.2d *1208 168 (Fla.1988). The state, relying on Ray, argues that the victim constructively withdrew her consent upon viewing the wallet theft. Unfortunately, this position contravenes the Florida Supreme Court's holding in Miller v. State, 713 So.2d 1008 (Fla.1998). Miller explains that "any burglary conviction must be bottomed on proof that consent to `remaining in' has been withdrawn." Miller 713 So.2d at 1010 (quoting Ray, 522 So.2d at 965). In Miller, 713 So.2d at 1011, the court unequivocally holds: "There must be some evidence the jury can rationally rely on to infer that consent was withdrawn besides the fact that a crime occurred."[1] The Ray court concluded that the victim's struggle with the defendant was sufficient indicia that consent to remain on the premises was withdrawn. In this case, the state has presented no evidence to demonstrate that consent was withdrawn. "To allow a conviction of burglary based on the facts in this case would erode the consent section of the statute to a point where it was surplusage ... This is not an appropriate construction of the statute." Miller, 713 So.2d at 1010. If we were to relax this standard in the burglary statute and abandon the dictates of Miller, every petit theft would be automatically a burglary. Accordingly, we reverse Marquez's burglary conviction.
Reversed and remanded for proceedings consistent herewith.
NOTES
[1] Of course, the trial court did not have the benefit of the Miller decision as the trial predates the opinion.