760 So.2d 989 (2000)
Richard KERESTESY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1117.
District Court of Appeal of Florida, Second District.
June 14, 2000.
*990 Paula C. Coffman, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Richard Kerestesy challenges his convictions for sexual battery on a child, battery, committing a lewd and lascivious act, and forcing or enticing a child to commit a lewd and lascivious act. Kerestesy raises two issues on appeal, one of which has merit. Because the trial court erred in failing to excuse two prospective jurors for cause, we are compelled to reverse and remand for a new trial.
During voir dire, two prospective jurors, Mr. Cornwell and Ms. Price, made statements that raised doubts as to their ability to serve as fair and impartial jurors in the case. Mr. Cornwell's only statement during the entire voir dire was that he would find it "difficult" to follow the law regarding consideration of a defendant's out-of-court confession. Neither counsel nor the court followed up with Mr. Cornwell concerning his ability to follow the law. The fact that Mr. Cornwell was not further questioned after indicating that he would have difficulty following the law left a reasonable doubt as to his impartiality.
Upon questioning by the prosecutor, Ms. Price stated that, although she had a preconceived notion that Kerestesy was guilty, she "guessed" she could be fair to both sides. The following exchange then occurred:
MR. BELMONT (defense counsel): Miss Price, let me ask the other piece, my greater concern, I guess. You say, well, gee, I think the guy is guilty, meaning my client. Anything else you want to explain about that, oryou know, the Judge said one of the things we're supposed to do is presume someone innocent, and even though he has this type of charge, we're supposed to presume him innocent. So is that a potential problem?
PROSPECTIVE JUROR PRICE: When the Judge was reading the charges, I watched the man, and it's just, it's a seed, it's there in my mind. He couldn't look out and face the potential jurors.
MR. BELMONT: All right. So this piece of the instructions that says, all right, if you're a juror, one of the things that you need to do to be a juror is to presume someone innocent, is that *991 something you think you're not able to do at this stage?
PROSPECTIVE JUROR PRICE: That's a tough one.
MR. BELMONT: All right. Let's back it up a little bit then. Do you, I mean, is it, would you say you have doubt in your mind whether you're able to do that?
PROSPECTIVE JUROR PRICE: Yes.
Shortly thereafter, the trial court interjected:
THE COURT: Let me ask you, Miss Price, just one clarification. Assuming, as Mr. Brodsky previously asked, that while we are here at this moment and assuming that he cannot present evidence which convinces you beyond a reasonable doubt that the Defendant is guilty, are you saying that even in a situation where you walked back there and said, I have reasonable doubts as to whether the State has proven its case, under those circumstances do you believe that you would still find the Defendant guilty or would you follow the law and find the Defendant not guilty?
PROSPECTIVE JUROR PRICE: No, I would follow the law, but when I listened to you read the charges and watched the man, it just, it was an automatic [.]
THE COURT: Okay, but before, say, casting a vote, even in your own mind, will you be able to not make a final decision, wait until all of the evidence has been presented, wait until all of the arguments of counsel have been concluded and wait until you actually hear the law as I will instruct you before rendering a final decision?
PROSPECTIVE JUROR PRICE: Yes.
MR. BELMONT: So it might turn out to be at the end of hearing all that you feel he's guilty, but at the end of that you may find out that maybe there isn't enough evidence or something convinces you that he is not guilty, would you be able to render a not guilty verdict?
PROSPECTIVE JUROR PRICE: Yes.
THE COURT: So you would keep an open mind.
PROSPECTIVE JUROR PRICE: (Nodding head).
Ms. Price's equivocal responses to counsel's questions cast a reasonable doubt as to her ability to serve as a fair and impartial juror in this case. Even when the trial court interjected questions, Ms. Price's initial response was hesitant and conditional: "No, I would follow the law, but when I listened to you read the charges and watched the man, it just, it was an automatic [.]" The fact that the trial court continued questioning until Ms. Price relented and stated that she would follow the law was not sufficient to erase the doubts as to her impartiality.
One ground sufficient to sustain a challenge for cause is a juror's "state of mind regarding the defendant [or] the case... that will prevent the juror from acting with impartiality ..." unless "he or she declares and the court determines that he or she can render an impartial verdict according to the evidence." § 913.03(10), Fla. Stat. (1997). The test for determining such a state of mind is "whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). The court should excuse for cause a prospective juror who is unable to state unequivocally that his personal opinions or beliefs would not affect his ability to render a fair and impartial verdict. See Akins v. State, 694 So.2d 847, 848-49 (Fla. 4th DCA 1997); Huber v. State, 669 So.2d 1079, 1081 (Fla. 4th DCA 1996); Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989). Even when a prospective juror eventually states that he will follow the law, the court should grant a challenge for cause if it appears *992 that the prospective juror is nevertheless not in the state of mind to do so. See Singer v. State, 109 So.2d 7, 24 (Fla.1959); Huber, 669 So.2d at 1081; King v. State, 622 So.2d 134, 135 (Fla. 3d DCA 1993).
In this case, despite the equivocal responses given by Mr. Cornwell and Ms. Price concerning their ability to follow the law, the trial court refused to strike them for cause when Kerestesy challenged them. This refusal required Kerestesy to use peremptory challenges to strike them from the panel. Once Kerestesy exhausted his peremptory challenges, he requested an additional peremptory challenge, which he intended to use to strike prospective juror Heller.[1] The trial court denied this request. Heller then served on the jury that convicted Kerestesy.
We do not take lightly the fact that this decision requires two young children to testify a third time to the facts in this case.[2] However, regardless of the crimes charged and the evidence offered, Kerestesy is entitled to a neutral, fair, and impartial jury, which we conclude he did not have in this case. Therefore, Kerestesy's conviction must be reversed and the cause remanded for a new trial.
Reversed and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.
NOTES
[1] Kerestesy originally sought to strike Heller for cause because she initially stated that she could not entirely disregard a confession even if she determined that it was made involuntarily. However, upon further questioning, Heller agreed to follow the law as instructed by the court. Since Heller made an unequivocal statement indicating that she could follow the law, we find no error in the trial court's refusal to strike Heller for cause.
[2] Kerestesy's first trial involved the testimony of three children, then ages six, seven, and eight. That trial resulted in a mistrial. This trial involved the testimony of two of those three children, both of whom were age eight at the time of trial.