826 So.2d 492 (2002)
Roger MILES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1671.
District Court of Appeal of Florida, Third District.
September 25, 2002.
*493 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven R. Parrish, Assistant Attorney General, for appellee.
Before GODERICH and SHEVIN, JJ., and NESBITT, Senior Judge.
GODERICH, Judge.
The defendant, Roger Miles, appeals from his convictions for capital sexual battery and tampering with a witness. We reverse and remand for a new trial.
During voir dire, prospective juror Dianne Garner revealed that she had been a medical social worker. Her job entailed working in an emergency room dealing with children who had been sexually abused. The prosecutor then asked Ms. Garner, "Is there anything about that experience that would make it difficult for you to be fair and impartial in this particular case?" Ms. Garner responded, "Again, that's a difficult question. I don't think so." Ms. Garner was not questioned any further.
Defense counsel then sought to strike Ms. Garner for cause arguing that Ms. Garner could not be impartial based on her experience working with sexually abused children. The trial court denied the motion. Defense counsel's request for an additional peremptory to strike Ms. Garner was denied, and Ms. Garner sat on the jury. The final panel was accepted by defense counsel, subject to prior objections.
The defendant was found guilty of capital sexual battery and tampering with a witness, and he was later sentenced. This appeal followed.
The defendant contends that the trial court abused its discretion by not excusing Ms. Garner for cause. We agree.
"The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court." Kearse v. State, 770 So.2d 1119, 1128 (Fla.2000), cert. denied, 532 U.S. 945, 121 S.Ct. 1411, 149 L.Ed.2d 352 (2001); see also Kerestesy v. State, 760 So.2d 989, 991 (Fla. 2d DCA 2000); Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). If there is any reasonable doubt as to whether a juror possesses an impartial state of mind, the trial court should excuse the juror for cause. Franqui v. State, 804 So.2d 1185, 1191 (Fla.2001); Michael v. State, 796 So.2d 1292 (Fla. 3d DCA 2001)(holding that "[u]ncertainty as to a venireperson's impartiality must be resolved in favor of a party raising the challenge.").
*494 In the instant case, Ms. Garner's "equivocal response to counsel's questions cast a reasonable doubt as to her ability to serve as a fair and impartial juror in this case." Kerestesy v. State, 760 So.2d 989, 991 (Fla. 2d DCA 2000); see also Henry v. State, 586 So.2d 1335, 1337 (Fla. 3d DCA 1991)(holding that trial court abused its discretion by not excusing juror for cause where juror responded "I don't think so" to court's question as to whether juror's work experience would influence juror's "ability to be fair and impartial."). Therefore, the trial court's refusal to excuse Ms. Garner for cause constituted reversible error where defense counsel properly preserved this issue for appellate review. See Kearse v. State, 770 So.2d 1119, 1128 (Fla.2000)(holding that in order to preserve for appeal the denial of a challenge for cause, "Florida law requires a defendant to object to the jurors, show that he or she has exhausted all peremptory challenges and requested more that were denied, and identify a specific juror that he or she would have excused if possible.").
Based on the disposition of the above issue, we do not address the remaining issues raised by the defendant.
Reversed and remanded for a new trial.