# Third District Court of Appeal
## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2078
Lower Tribunal No. M22-8999
_____

**Peter Sciallo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the County Court for Miami-Dade County, Julie Harris Nelson, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

MILLER, J.

Appellant, Peter Sciallo, appeals from a withhold of adjudication and probationary sentence imposed for the charge of petit theft, in violation of section 812.014, Florida Statutes (2022), following a jury trial. On appeal, he contends the trial court reversibly erred in failing to strike a juror for cause. Constrained by our precedent, we reverse.

## BACKGROUND

Sciallo was charged with petit theft for stealing keys and a fob belonging to his former personal trainer from a storage cubby at the Miami Iron Gym after the two were involved in a physical confrontation. The case proceeded to trial.

During jury selection, the challenged juror indicated he had strong feelings about theft cases because several of his family members were robbery victims. When pressed further, he explained, "I don't know how it would affect my opinion on this. I don't think it would, but just going through that." He was then asked whether he would be thinking about the crimes committed against his family members if selected as a juror on the case, and he responded affirmatively. Upon more in-depth questioning, he further stated, "You try not to, of course, but I can't say for sure I wouldn't think of it. But I would try not to." When asked whether he could guarantee that he would not think of the experiences, he replied, "I can't—I can't guarantee it.

2

I'm, you know, human like everybody else what things are going to pop in my mind, but I would try not to."

Neither the State nor the trial court rehabilitated the juror, and during the strike conference, the defense asserted a cause challenge. The State requested permission to rehabilitate the juror. The trial court denied the request and the cause challenge. The defense then exercised a peremptory challenge. After exhausting all peremptory challenges, the defense requested another for the purpose of striking an identified juror. The court denied the motion, and the defense accepted the panel subject to prior objections. See Kearse v. State, 770 So. 2d 1119, 1128 (Fla. 2000). The jury found Sciallo guilty, and the court withheld adjudication and imposed a short probationary term. This appeal ensued.

**ANALYSIS**

"We review a trial court's decision to deny a challenge for cause to a potential juror for an abuse of discretion." Rivas v. Sandoval, 319 So. 3d 744, 746 (Fla. 3d DCA 2021). "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court." Busby v. State, 894 So. 2d 88, 95 (Fla. 2004).

A juror should be excused if there is any reasonable doubt about his or her ability to render an impartial verdict.  See Hill v. State, 477 So. 2d 553, 556 (Fla. 1985).  "To determine whether such reasonable doubt exists, the trial court should consider the context and entirety of the juror's responses." Jackson v. State, 213 So. 3d 754, 770 (Fla. 2017).  "The law is also clear that close calls on the issue of juror competency should be resolved in favor of removal."  Martinez v. State, 795 So. 2d 279, 282 (Fla. 3d DCA 2001).

In this case, the challenged juror stated he felt strongly about the charges and equivocated on whether he would be influenced by the past crimes against his family members.  "The mere fact that a juror gives equivocal responses does not disqualify that juror for service.  The question is whether the responses voiced by [the juror] were equivocal enough to generate a reasonable doubt about his fitness as a juror." Busby, 894 So. 2d at 96; see also Guzman v. State, 934 So. 2d 11, 15 (Fla. 3d DCA 2006).

Here, the juror was not rehabilitated.[1]  Hence, the facts are on all fours with several cases in which Florida appellate courts found reversible error.

---

[1] Section 913.03(10), Florida Statutes (2023), "provides that a prospective juror's 'formation of an opinion or impression' that is biased does not warrant disqualification of the juror if the juror 'declares and the court determines' that the juror 'can render an impartial verdict according to the evidence.'" Matarranz v. State, 133 So. 3d 473, 493 (Fla. 2013) (Canady, J., dissenting) (quoting § 913.03(10), Fla. Stat.).

4

In one such case, <u>Miles v. State</u>, 826 So. 2d 492, 493 (Fla. 3d DCA 2002), the defendant was charged with capital sexual battery and witness tampering. A medical social worker who worked with sexually abused children was on the venire. <u>Id.</u> The prosecutor inquired as to whether there was anything about that experience that would affect her impartiality. <u>Id.</u> She responded, "Again, that's a difficult question. I don't think so." <u>Id.</u> On appeal, this court reversed, finding that "Ms. Garner's 'equivocal response to counsel's questions cast a reasonable doubt as to her ability to serve as a fair and impartial juror in this case.'" <u>Id.</u> at 494 (quoting <u>Kerestesy v. State</u>, 760 So. 2d 989, 991 (Fla. 2d DCA 2000)); <u>see also</u> <u>Henry v. State</u>, 586 So. 2d 1335, 1337 (Fla. 3d DCA 1991) (holding trial court abused its discretion by not excusing juror for cause where juror responded "I don't think so" to court's question as to whether juror's work experience would influence juror's "ability to be fair and impartial").

Similarly, in <u>Price v. State</u>, 538 So. 2d 486, 489 (Fla. 3d DCA 1989), a prospective juror repeatedly responded, "I don't think so" when questioned as to whether he harbored any potential prejudice. This court found the "juror's responses to the trial judge were again feeble, conditional, and positively not reflective of a final, neutral, and detached determination to sit as a fair and impartial juror." <u>Id.</u>

5

Both holdings are consistent with Bush v. State, 461 So. 2d 936, 940 (Fla. 1984), which held that a juror was properly excused for cause after responding, "I don't think so" to whether she could base her verdict on the law and evidence. A number of other cases have found similar language sufficiently equivocal to warrant excusal in the absence of rehabilitation. See Miller v. State, 847 So. 2d 1093, 1096–97 (Fla. 4th DCA 2003) (stating trial court properly excused juror who, when asked if she could be fair and impartial, said "no, I don't think so"); Lewis v. State, 931 So. 2d 1034, 1037, 1039 (Fla. 4th DCA 2006) (finding "the court committed manifest error by refusing to dismiss [the juror] for cause" after the juror equivocated on his impartiality); Wright v. State, 337 So. 3d 112, 114 (Fla. 3d DCA 2021) ("When a juror's last response indicates that the juror is potentially prejudiced, and the response is not retracted or modified, the juror must be stricken for cause.") (quoting Marquez v. State, 721 So. 2d 1206, 1207 (Fla. 3d DCA 1998)); Wilkins v. State, 607 So. 2d 500, 501 (Fla. 3d DCA 1992) (holding trial court erred by keeping juror who stated his family's similar experience "shouldn't make any difference [in his decision], but [he] couldn't definitely say whether it would"); Perea v. State, 657 So. 2d 8, 9 (Fla. 3d DCA 1995) (reversing for new trial where juror at issue gave equivocal responses on his ability to give a fair trial for sexual assault due to a sexual molestation

6

experience of juror's family member); <u>Salazar v. State</u>, 564 So. 2d 1245, 1246 (Fla. 3d DCA 1990) ("[The juror] stated: 'Strange thing, I would hope not. I would hope I could be fair but I guess there is always that doubt.' This statement reiterated the reasonable doubt existing in this juror's state of mind. Therefore, . . . the trial court erred in failing to excuse [the juror] for cause where a reasonable doubt existed as to her ability to be impartial."); <u>Smith v. State</u>, 516 So. 2d 43, 44 (Fla. 3d DCA 1987) ("Plainly, a reasonable doubt was established on this record concerning [the juror]'s ability to render an impartial verdict . . . and the said juror should have been excused for cause."). Accordingly, we reverse and remand for a new trial.

Reversed and remanded.