622 So.2d 536 (1993)
Jean O. LONG, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-1203.
District Court of Appeal of Florida, First District.
July 28, 1993.
*537 Sherry Grant Hall of Powell, Jones & Reid, P.A., Niceville, for petitioner.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for respondent.

ON MOTION FOR REHEARING
WOLF, Judge.
Petitioner, Jean O. Long (Long), has filed a motion for rehearing and motion for rehearing en banc addressed to this court's opinion finding there to have been no showing that the trial court departed from the essential requirements of law in upholding the constitutionality of section 817.567, Florida Statutes, and thereby affirming Long's judgment and sentence for the making of a false claim to possess an academic degree. We deny the motions, but nonetheless withdraw our earlier opinion, and substitute the following therefore in order to explicate our conclusion.
Long was convicted in county court of violating section 817.567(1). The circuit court sitting in its appellate capacity affirmed. Long then filed in this court a petition for writ of certiorari arguing that section 817.567(1) is facially unconstitutional on the basis of overbreadth. We determine that the activity which is proscribed by the statute is not constitutionally protected, determine that the statute is constitutional and, therefore, deny the petition.
Section 817.567(1) provides that a person is guilty of a misdemeanor of the first degree if they make a "claim, either orally, or in writing, to possess an academic degree ... or the title associated with said degree unless the person has, in fact, been awarded said degree." The use of calculated falsehoods under any circumstances, even in the criticism of public officials, is not constitutionally protected:
For the use of the known lie as a tool is at once at odds with the premises of democratic government and with the orderly manner in which economic, social, or political change is to be effected. Calculated falsehood falls into that class of utterances which "are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality... ." Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 86 L ed 1031, 1035, 62 S Ct 766. Hence the knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection.
Garrison v. Louisiana, 379 U.S. 64, 75, 85 S.Ct. 209, 215, 13 L.Ed.2d 125, 133 (1964). See also R.A.V. v. City of St. Paul, 505 U.S. ___, 112 S.Ct. 2538, 120 L.Ed.2d 305, 317 (1992).
Petitioner asserts, however, that section 817.567(1) is overbroad because there is no specific requirement in the statute that the person accused of violating the statute knows that the statement is false. (For instance, a person may truly believe he has earned a degree when such is not the case). This argument asks us to set aside logic and reason and ignore clear legislative intent. We decline to accept this argument and construe the statute to apply only to intentional misstatements.
We recognize that a court should not engage in rewriting legislation, especially when the legislative intent is unclear or where the suggested narrowing construction does not necessarily rid the statute of its constitutional infirmities. Wyche v. State, 619 So.2d 231 (Fla. 1993); Brown v. State, 358 So.2d 16 (Fla. 1978). The court does, however, have a duty whenever possible to construe a statute so as not to conflict with the constitution. Firestone v. New Press Publishing Co., Inc., 538 So.2d 457, 459 (Fla. 1989). The duty extends even to those statutes which may implicate first amendment protections absent the limiting construction. Firestone, supra; Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA *538 1990), rev. denied, 564 So.2d 1088 (Fla. 1990); State v. Elder, 382 So.2d 687, 690 (Fla. 1980). Furthermore, the statutory construction may be based on a commonsense application of the statute (Firestone, supra; Wilkerson, supra; Cohen v. State, 125 So.2d 560 (Fla. 1960), or specific language contained in the statute. Brown, supra. In the instant case, we have both.
First, common sense dictates that there is a very limited number of people who believe they have earned an academic degree when they actually have not. At the time a degree is received, the graduate will almost always receive an acknowledgment from the academic institution at the time they have met the requirements for a degree. The Legislature obviously did not intend to protect the public from the rare number of cases where there may be unintentional misstatements. As in Firestone, supra (wherein the court rejected an argument that section 109.121, Florida Statutes, prohibited a parent from taking their child into the voting booth), the speculative argument advanced here  that the statute could be applied to a limited number of people that the legislation clearly did not intend to reach  should not serve to defeat the valid purposes of the statute. It is also unclear how the primary concerns of the overbreadth doctrine (the chilling effect on the exercise of first amendment rights) would serve to limit those parties who truly believe that they have earned their degrees.
Second, the language contained in the legislative title of the act containing section 817.567(1) reveals the intent that the statute be applied only to those people who intentionally misrepresent their educational status. Reference to the title of the legislative act is appropriate in determining legislative intent. Carlile v. Game and Fresh Water Comm'n, 354 So.2d 362, 365 (Fla. 1977). The pertinent portion of the title of chapter 89-40, Laws of Florida, which created section 817.567, reveals that it is "an act relating to fraudulent practices." Black's Law Dictionary defines fraud, in pertinent part, as "[a]n intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right." Black's Law Dictionary (5th ed. 1979). The common understanding of the word fraud is essentially the same. Fraud is defined in Webster's New World Dictionary (3d college ed. 1988), as "deceit, trickery or cheating... . [I]ntentional deception to cause a person to give up property or some lawful right." It further defines fraudulent as "acting with fraud, deceitful." Id. The legislative intent is readily apparent. We thus are not legislating when we construe the statute under consideration as implicitly requiring an intentional misrepresentation. See Cohen, supra.
For the foregoing reasons, both the motion for rehearing and the petition for writ of certiorari are denied.
JOANOS and MINER, JJ., concur.