**Samuel Bartow STRANG, Plaintiff,**

v.

**Michael SATZ, as State Attorney for Broward County, Florida, Defendant.**

**No. 94–6686–CIV.**

United States District Court, S.D. Florida.

Oct. 3, 1994.

Bruce S. Rogow, Beverly A. Pohl, Fort Lauderdale, FL, for plaintiff.

Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon the Defendant's Motion to Dismiss (D.E. # 4), filed on August 23, 1994. Plaintiff filed a response (D.E. # 5) on August 30, 1994. Defendant filed a supporting Memorandum of Law (D.E. # 6) on September 19, 1994.

### I. Factual Background

The facts are not in dispute. Plaintiff has a Ph.D in neurobiology from Pacific Western University. In Florida, Plaintiff has been holding himself out to the public as "Dr. Samuel Bartow Strang," and as a gerontologist, an expert in the social and health-related problems of the elderly. Florida Statute 817.567 prohibits one from claiming he holds an academic degree or title unless that degree or title has been conferred by an accredited institution as defined in the statute. Under the terms of the statute, Pacific Western University is not an accredited institution. Defendant has contacted Plaintiff regarding violation of Fla.Stat. 817.567, but has not initiated proceedings against him.

Plaintiff has filed suit requesting this Court to declare Florida Statute 817.567 unconstitutional as violative of his First Amendment rights and to enjoin Defendant from prosecuting Plaintiff under said statute. Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983 and under the

14th Amendment of the United States Constitution. Defendant argues that this Court should abstain from exercising jurisdiction over the underlying constitutional question as there exists an unsettled question of state law, the resolution of which might moot the constitutional issues.

By agreement of the parties, this Court issued a preliminary injunction (D.E. # 9) on September 22, 1994, enjoining Defendant State Attorney from prosecuting Plaintiff under Fla.Stat. 817.567. Defendant's stipulation is without prejudice to his right to urge dismissal on abstention grounds; Plaintiff's stipulation is predicated on his agreement that the statute of limitations has tolled as to any alleged violations of Fla.Stat. 817.567 prior to issuance of the preliminary injunction.

## II. Legal Standard

■ Under certain circumstances, a federal court may decline to exercise jurisdiction over a case properly before it. The following four abstention doctrines define these circumstances: 1) *Pullman* abstention allows a federal court to decline to exercise jurisdiction over a case that involves federal constitutional issues and unsettled questions of state law, the resolution of which might moot the constitutional issues, *Railroad Comm'n of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); 2) *Burford* abstention requires that a federal court dismiss or remand an action involving difficult questions of state law where federal intervention might disrupt state efforts to formulate coherent policy in an area of substantial public concern, *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); 3) *Younger* abstention requires that a federal court abstain from enjoining ongoing state proceedings that implicate important state interests where the parties have an adequate opportunity to raise the federal issues in state court and where there is no showing of bad faith prosecution, harassment or extraordinary instances of irreparable harm, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and 4) *Colorado River* abstention allows a federal court to stay, but not dismiss, an action pending before it when there is a concurrent, separate action pending in

state court that raises the same, or substantially the same, issues, *Colorado River Water Conserv. District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

## III. Analysis

The first inquiry is which, if any, abstention doctrines apply to the instant case. *Burford* abstention is inappropriate because the circumstances that trigger *Burford* abstention, namely complex state administrative processes that would be disrupted by exercise of federal review, are absent in this case. *Younger* abstention does not apply in this case because there is no ongoing state proceeding against Plaintiff. *Colorado River* abstention also is inapplicable because there is no concurrent, pending state action raising the same or substantially similar issues.

Defendant contends that this Court should decline to exercise jurisdiction under the *Pullman* abstention doctrine because Florida courts have not addressed specifically the issues raised in Plaintiff's challenge to Fla. Stat. 817.567, and thus there is an unsettled question of state law.

■ A question concerning a state statute may be unsettled in three ways under the *Pullman* doctrine of abstention. First, the statute itself may be ambiguous. If the statute itself can be fairly construed to avoid any conflict with the Constitution, then the federal court must abstain and await the State's actual construction of the ordinance. *See City of Houston, Texas v. Hill,* 482 U.S. 451, 468, 107 S.Ct. 2502, 2513, 96 L.Ed.2d 398 (1987). Second, if it is clear that some discrete parts of the statute are unconstitutional, but that these parts can be severed from the remainder of the statute without destroying its coherence, then the federal court must await the State court's decision whether to make severance or not. *Id.* Finally, if it is not clear whether the statute is invalid under other state law, the federal court must await the State's application of that other law to the ordinance. *Id.*

Defendant contends that the issue presented in the instant case is unsettled because Fla.Stat. 817.567 is subject to construction that would avoid the constitutional controver-

sy. Florida courts have construed Fla.Stat. 817.567 "to apply only to intentional misstatements.... [Furthermore,] the legislative title of the act ... reveals the intent that the statute be applied only to those people who *intentionally misrepresent* their educational status." *Long v. State,* 622 So.2d 536, 537–38 (Fla. 1st DCA 1993).

Notwithstanding this statutory construction, however, the First Amendment issue remains unavoidable. Fla.Stat. 817.567 prohibits any person from claiming an academic degree unless that degree has been awarded from an accredited institution.[1] The statute prohibits a person from claiming to hold a degree when in fact he or she does not. Plaintiff, however, challenges Fla.Stat. 817.567 on grounds that the statute prohibits a person from claiming to hold an academic degree even when he or she in fact does hold such a degree, but said degree is not from an accredited institution as defined in the statute. Defendant states that "[c]learly, Plaintiff's claim of a doctoral degree, which is unaccredited, is both fraudulent and misleading." However, Plaintiff does in fact have a Ph.D and thus contends that the statute proscribes truthful speech.[2] The mere fact of having a degree from an unaccredited institution thus appears to trigger Fla.Stat. 817.567 and the limiting construction of *Long* relied on by Defendant evaporates.

The purpose of *Pullman* abstention is to allow the state courts to reach a readily available limiting construction that would eliminate a statute's unconstitutionality. However, abstention is the exception rather than the rule. *Colorado River,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244. Federal courts are reluctant to abstain in cases that involve facial challenges based on the First Amendment. *City of Houston,* 482 U.S. at 467, 107 S.Ct. at 2512–13; *see Dombrowski v. Pfister,* 380 U.S. 479, 486–87, 85 S.Ct. 1116, 1120–22, 14 L.Ed.2d 22 (1965). The United States Supreme Court has held that abstention is

"inappropriate for cases [where] ... statutes are justifiably attacked on their face as abridging free expression." *Id.* at 489–90, 85 S.Ct. at 1122. This Court thus finds, under *Pullman,* that there is no readily available limiting construction that would avoid the First Amendment issues and abstention is thus inappropriate in this case.

### *IV. Conclusion*

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss, be and the same is hereby, DENIED.

DONE AND ORDERED.

---

1. Fla.Stat. 817.567 reads in relevant part:

   (1) No person in the state may claim, either orally or in writing, to possess an academic degree, as defined in § 246.021, or the title associated with said degree, unless the person

   has in fact, been awarded said degree from an institution ...

2. At this time, this Court's analysis is limited to the issue of abstention and will not address the constitutionality of Fla.Stat. 817.567.