740 So.2d 581 (1999)
Isaac HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1068.
District Court of Appeal of Florida, Fifth District.
July 23, 1999.
James R. Valerino, Sanford, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant contends that the trial court erred in sentencing him as a violent career criminal[1] under Chapter 95-182, Laws of Florida, in that the statute is unconstitutional as violative of the single subject rule of the Florida Constitution. Art. III § 6, Fla. Const. We agree with the decision of the Third District Court of Appeal in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997) that there is a reasonable and rational relationship between each of the sections of said act. Accordingly, appellants convictions and sentence are affirmed. *582 We certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), rev. granted, 717 So.2d 538 (Fla.1998). We find no merit in appellant's remaining points on appeal.
AFFIRMED.
GOSHORN, J. and ORFINGER M., Senior Judge, concur.
W. SHARP, J., dissents with opinion.
W. SHARP, J., dissenting.
I agree that the points raised by Hill in this appeal have no merit, except for the questioned constitutionality of the Habitual Violent Felony Offender Act,[2] because of Florida's requirement that a statute must not encompass more than one subject:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.
Art. 3, § 6, Fla. Const.
As an appellate court, we must strive to uphold a statute against challenges of being unconstitutional.[3] However, I agree with the Second District Court of Appeal[4] that the two subjects dealt with by the statute are too remote and unconnected to pass constitutional muster.
The first seven sections of the statute deal with sentencing and enhancement of penalties for violent career criminals. It is entitled "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995" and is designed to place and keep hardened violent criminals in prison for a very long time. It has nothing to do with preventing domestic violence or offering victims of domestic violence enhanced rights and remedies. The next three sections deal with civil remedies for domestic violence, and procedural changes to make injunctions against domestic violence offenders more effective. They grew out of the Governor's Task Force on Domestic Violence studies and recommendations. The Task Force did not address or touch on the problem of repeat violent criminal offenders and the necessity to make them serve their full or longer terms in prison.
If there is a reasonable and rational relationship between these two subjects sufficient to pass constitutional muster then, in my view, there is almost no limitation imposed on the Legislature by Article 3, section 6, of the Florida Constitution. Both of these two diverse parts of the statute make changes in the judicial system and attempt to prevent different kinds of violence. Is that enough? Only the Florida Supreme Court can say with definity.
NOTES
[1] The offenses occurred on July 8, 1996, prior to the reenactment of the contested section into the Florida Statutes. Cf. State v. Johnson, 616 So.2d 1, 2 (Fla.1993); Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998).
[2] § 775.084, as amended by chapter 95-182, Laws of Fla.
[3] Walker v. Bentley, 678 So.2d 1265 (Fla. 1996); School Board of Palm Beach County v. Winchester, 565 So.2d 1350 (Fla.1990); State ex rel. Pittman v. Stanjeski, 562 So.2d 673 (Fla.1990); In Interest of D.F., 622 So.2d 1102 (Fla. 1st DCA 1993); Long v. State, 622 So.2d 536 (Fla. 1st DCA), rev. denied, 629 So.2d 133 (Fla.1993).
[4] Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), rev. granted, 717 So.2d 538 (Fla.1998).