743 So.2d 1136 (1999)
Lashawn Martez CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2297.
District Court of Appeal of Florida, First District.
September 22, 1999.
Nancy Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Lashawn Crawford challenges the sentence imposed after a guilty plea. Crawford argues that the session law which created the violent career criminal sentencing scheme, chapter 95-182, Laws of Florida, is unconstitutional as a violation of the single subject rule in article III, section 6, Florida Constitution. We determine that chapter 95-182, known as the Gort Act, does not violate the single subject rule under the supreme court's analysis in Burch v. State, 558 So.2d 1 (Fla. 1990), and affirm.
Crawford entered a plea of guilty to two counts of robbery while wearing a mask. At sentencing, he stipulated that he met the criteria as a violent career criminal based on prior judgments and sentences. The plea agreement called for a sentence to a term of years less than life. The trial court imposed a sentence of 42 years. Crawford now argues that chapter 95-182 violates the single subject rule because it combined the creation of the career criminal sentencing scheme with civil remedies for victims of domestic violence. This argument has been rejected and chapter 95-182 found constitutional in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997); Hill v. State, 740 So.2d 581 (Fla. 5th DCA 1999). Contra Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998). We recently rejected a similar challenge to chapter 95-184, Laws of Florida. See Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999). As in Trapp, all portions of the legislation in the *1137 instant case deal with remedies for acts which constitute crimes. Sections 1 through 7 of chapter 95-182, create and define the violent career criminal sentencing category and provide sentencing procedures and penalties. Sections 8 through 10 deal with civil remedies relating to domestic violence. The acts of domestic violence contained within these sections are criminal offenses. See § 741.28(1), Fla. Stat. (1997). All portions of the legislation in the instant case deal with remedies for acts which constitute crimes. Thus, as in Burch, the overall purpose of this statute can be determined to be crime prevention.
For the reasons expressed in Trapp, Higgs, and Hill we find the statute to be constitutional. Accordingly, we affirm the judgment and sentences, but certify conflict with Thompson.
AFFIRMED; conflict certified.
WOLF, LAWRENCE and BROWNING, JJ., concur.