758 So.2d 635 (2000)
Tarvan GULLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95392.
Supreme Court of Florida.
March 30, 2000.
Tarvan Gulley, Petitioner, Madison, pro se.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Bureau Chief, Assistant Attorney General, and Lara J. Edelstein, Assistant Attorney General, Fort Lauderdale, for Respondent.
PER CURIAM.
We initially accepted for review the Third District Court of Appeal's decision in Gulley v. State, 730 So.2d 386 (Fla. 3d DCA 1999), based on certified conflict with the Second District Court of Appeal's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). As explained below, after carefully reviewing the limited record in this case, we determine the review in this case has been improvidently granted.
The State charged Gulley with one count of burglary of an occupied structure and one count of resisting an officer without violence, with such offenses occurring on October 7, 1995. Gulley was tried and found guilty of (1) the lesser included offense of attempted burglary of an occupied structure, a third-degree felony; and (2) resisting an officer without violence offense, a first-degree misdemeanor. The trial court adjudicated Gulley guilty on both offenses and, according to the written sentencing order in the record,[1] sentenced him on the attempted burglary charge as a habitual violent felony offender to five years in prison with a five-year mandatory minimum term, while suspending his sentence on the resisting an officer charge. The record does not indicate whether Gulley filed a direct appeal. Gulley later filed a motion pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure, in which he challenged the validity of his habitual violent felony offender sentence by arguing that chapter 95-182, Laws of *636 Florida, violates the single subject rule. The circuit court summarily denied Gulley's motion, and he appealed.
On appeal, the Third District ordered the State to show why Gulley should not be granted relief, and the State argued that Gulley was not entitled to relief because (1) he was sentenced as a habitual violent felony offender, not a violent career criminal, and was therefore not entitled to relief under the Second District's decision in Thompson;[2] and (2) even if Gulley had been sentenced as a violent career criminal, the Third District's own decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), precluded relief. The Third District initially issued a per curiam opinion affirming the summary denial of Gulley's rule 3.800(a) motion, but the court granted Gulley's motion for rehearing and issued a subsequent opinion affirming the summary denial and certifying conflict with Thompson. See Gulley, 730 So.2d at 386-87.
The record before us clearly shows that the trial court sentenced Gulley as a habitual violent felony offender, not a violent career criminal. Tellingly, the sentence imposed on Gulleyfive years in prison with a five-year mandatory minimum termis consistent with the portion of the sentencing statute relating to habitual violent felony offenders and inconsistent with the portion of the statute relating to violent career criminals. Compare § 775.084(4)(b)3., Fla. Stat. (1995) (stating that a trial court may sentence a habitual violent felony offender on a third-degree felony "for a term of years not exceeding 10" with a five-year mandatory minimum term), with § 775.084(4)(c)3., Fla. Stat. (1995) (stating that a trial court may sentence a violent career criminal on a third-degree felony "for a term of years not exceeding 15" with a ten-year mandatory minimum term). While a person who has been sentenced as a habitual violent felony offender may be entitled to relief pursuant to this Court's decision in State v. Thompson, 750 So.2d 643, 649 (Fla.1999) (stating that "persons who committed their offenses during the applicable window period and were sentenced as habitual violent felony offenders based on the qualifying offense of aggravated stalking" may be entitled to relief pursuant to Thompson), the limited record now before us does not contain sufficient information to establish whether the trial court could have sentenced Gulley as a habitual violent felony offender even without the amendments to section 775.084, Florida Statutes, made by chapter 95-182, Laws of Florida. Accordingly, we dismiss review as improvidently granted in this case, without prejudice for Gulley to seek a determination in the trial court as to whether our decision in Thompson applies to him, and if so, what relief he should be afforded.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The record before us does not contain a transcript of the sentencing hearing.
[2] It is perplexing that the State has not asserted this particular argument before this Court.