PER CURIAM.
We have for review Crawford v. State, 743 So.2d 1136 (Fla. 1st DCA 1999), in which the First District Court of Appeal expressly declared constitutional chapter 95-182, Laws of Florida, determining that such chapter law does not violate the single subject rule contained in article III, section 6 of the Florida Constitution. In so ruling, the First District certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(3), (4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as viola-tive of the single subject rule, we quash the decision below and remand this cause for resentencing in accordance with the valid laws in effect on January 5 and 6, 1997, the date on which Crawford committed the underlying offenses in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
*680 HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Crawford has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds. Further, even though Crawford failed to raise a single subject rule challenge in the trial court, we find that such *680 challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).