762 So.2d 921 (1999)
German MELGARES, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-2586.
District Court of Appeal of Florida, Third District.
November 10, 1999.
Opinion Granting Rehearing in part June 28, 2000.
German Melgares, in proper person.
Robert A. Butterworth, Attorney General, and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before NESBITT, COPE and SORONDO, JJ.
PER CURIAM.
German Melgares appeals an order denying his motion for postconviction relief *922 under Florida Rule of Criminal of Procedure 3.850. We affirm.
In defendant-appellant Melgares' direct appeal from his conviction of sale of cocaine, he challenged the sufficiency of the evidence. This court affirmed without discussion, but citing a number of authorities. See Melgares v. State, 711 So.2d 1389 (Fla. 3d DCA 1998). From the citations chosen, it appears the panel accepted the State's argument that the question of the sufficiency of the evidence had not been properly preserved for appellate review because, among other things, the argument being raised on appeal differed from the argument presented in the trial court.
Defendant claims in his motion for postconviction relief that counsel was ineffective by reason of the foregoing. The trial court properly rejected this claim. Even if trial counsel had made a more elaborate sufficiency argument, the motion for judgment of acquittal would have been correctly denied. The testimony of the undercover officer was that the defendant approached him to ask him what he wanted; the undercover officer told him that he wanted cocaine rocks; and defendant then "instructed someone else to obtain the cocaine rocks for me." (Tr. 84). The undercover officer then went with the third person, Rafael Rodriguez, and purchased the cocaine rocks, after which the defendant and Rodriguez were arrested. The evidence was sufficient to go to the jury. See Douglas v. State, 627 So.2d 1190 (Fla. 1st DCA 1993); L.J. v. State, 578 So.2d 360 (Fla. 3d DCA 1991); Fernandez v. State, 639 So.2d 658, 659-60 (Fla. 3d DCA 1994); § 777.011, Fla. Stat. (1995). The testimony that the defendant approached the officer to ask him what he wanted, and then "instructed" Rodriguez to obtain cocaine for the officer is sufficient to create a jury question on the charge of sale or delivery of cocaine.
Defendant contends that his trial counsel should have called as a witness Officer Frazier, who was with the testifying undercover officer during the transaction. However, the Rule 3.850 motion fails to state what the substance of Officer Frazier's testimony would have been. This ruling is without prejudice to defendant to file a more particularized motion on this point.
Defendant was sentenced as a habitual offender.[1] He contends that the 1995 version of the habitual offender statute is unconstitutional because chapter 95-182, Laws of Florida, violates Florida's single subject rule, and that he is entitled to postconviction relief. This court has rejected the single subject challenge to chapter 95-182. See Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997); see also Crawford v. State, 743 So.2d 1136 (Fla. 1st DCA 1999); Hill v. State, 740 So.2d 581 (Fla. 5th DCA 1999). But see Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted 717 So.2d 538 (Fla.1998). We reject the defendant's constitutional challenge on authority of Higgs.[2]
We find no merit in defendant's remaining Rule 3.850 claims.
Affirmed.[3]
Before COPE and SORONDO, JJ., and NESBITT, Senior Judge.

On Rehearing Granted in Part
PER CURIAM.
After we released the opinion in this case, the Florida Supreme Court held that *923 chapter 95-182, Laws of Florida, was unconstitutional because it violated Florida's single subject rule. See State v. Thompson, 750 So.2d 643 (Fla.1999). We therefore withdraw our discussion of that issue as contained in our originally-released opinion.
We appointed the public defender to advise us whether the defendant was adversely affected by the amendments to the habitual offender statute contained in chapter 95-182. Counsel has advised that the changes made by chapter 95-182 did not adversely affect the portions of the habitual offender statute under which defendant was sentenced. Consequently the defendant is not entitled to a new sentencing hearing on account of the unconstitutionality of chapter 95-182.
Defendant points out, however, that the Florida Supreme Court also recently held chapter 95-184, Laws of Florida, unconstitutional by reason of a single subject violation. See Heggs v. State, 759 So.2d 620 (Fla.2000). This ruling invalidated the 1995 revision of the sentencing guidelines.
Defendant points out that during his sentencing hearing, the trial court asked what the defendant's sentencing guidelines were, and was told that his score was 81.8 months (6.81 years). The State requested a fifteen-year habitual offender sentence. The trial court ultimately imposed a twelve-year habitual offender sentence.
Defendant contends that in arriving at his twelve-year habitual offender sentence, the trial court may have simply doubled the guidelines figure.[1] He points out that since the 1995 guidelines were unconstitutional, his score should have been calculated under the pre-1995 guidelines, which would have yielded a lower score. He argues that he should be given an opportunity to have a new sentencing hearing with a recalculated scoresheet under the pre-1995 guidelines. We decline to accept this argument.
Habitual offender sentences are not subject to the guidelines. See § 775.084(4)(g), Fla. Stat. (1995). While the guidelines score was one piece of information which the trial court inquired about, there is no indication in the sentencing transcript that the trial court applied a multiplier to the guidelines score. As we see it, the trial court concluded that the guidelines recommendation of 6.8 years was too short for someone with defendant's record, and arrived at the sentence the court felt appropriate under the facts of this case. Absent an explicit statement that the court used the sentencing guidelines as the basis to calculate the habitual offender sentence, we decline to order a new sentencing proceeding.
Rehearing granted in part, denied in part.
NOTES
[1] The date of the crime was October 11, 1996.
[2] Defendant also argued that the 1995 version of the habitual offender statute was unconstitutional because of a claimed single subject violation in chapter 95-184, Laws of Florida. We reject this claim, as chapter 95-184 did not modify the habitual offender statute.
[3] We have taken judicial notice of the briefs and record in defendant's direct appeal, Melgares v. State, 711 So.2d 1389 (Fla. 3d DCA 1998).
[1] Defendant's math is faulty. Doubling the guidelines score would have yielded a 13.6 year sentence.