PER CURIAM.
Clifford Frank Bryan appeals an order denying postconviction relief. We affirm.
Defendant-appellant Bryan entered a guilty plea and was sentenced to a term of eight years as a habitual violent offender (“HVO”). He contends that his crime falls within the window period for the unconstitutionality of chapter 95-182, Laws of Florida. See State v. Thompson, 750 So.2d 643 (Fla.1999). He requested resen-tencing. The trial court denied relief and defendant has appealed.
The defendant is not entitled to relief because the defendant was not adversely affected by the amendments to the HVO statute contained in chapter 95-182, Laws of Florida. Insofar as pertinent here, chapter 95-182 amended the HVO statute to add a new qualifying offense of aggravated stalking. See 750 So.2d at 647. The State has supplemented the record with defendant’s scoresheet, and it does not reveal, nor does defendant allege, that he has a prior conviction for aggravated stalking and that such conviction was used to qualify him as an HVO. Since defendant was not adversely affected by the amendments contained in chapter 95-182, he was not entitled to postconviction relief. See 750 So.2d at 649; Gulley v. State, 758 So.2d 635 (Fla.2000); Melgares v. State, 762 So.2d 921 (Fla. 3d DCA 1999).
Affirmed.