Mr. Frank Comparetto, Jr. Mulberry City Attorney Citrus Chemical Bank Building 114 North Tennessee Avenue, Suite 204 Lakeland, Florida 33801-4659
Dear Mr. Comparetto:
You ask substantially the following question:
May the City of Mulberry, pursuant to section 100.3605, Florida Statutes, amend its city charter by ordinance to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November?
In sum:
Pursuant to section 100.3605, Florida Statutes, the City of Mulberry may by ordinance amend its city charter to move the dates of city elections from April to November to coincide with federal, state, and county elections and to extend the terms of the sitting commissioners to November.
In Attorney General Opinion 94-31, this office stated that under the then existing statutes, the city commission of the City of Tallahassee could not amend its charter by ordinance to provide for a change in the date on which municipal elections will occur and extend the terms of the sitting officers affected by the change. This conclusion was based on the language of section166.021 Florida Statutes (1993). Subsections (4) and (5) of the statute sought to implement the broad grant of home rule powers by repealing or converting into ordinances limitations on municipal powers contained in a municipal charter or special act adopted prior to July 1, 1973. Subsection (4) of section 166.021, however, provided that nothing in Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act, was to be construed as permitting any changes in a special law or municipal charter that affect certain subject matters set forth therein, including "the terms of elected officers," without referendum approval as provided in section 166.031, Florida Statutes.
During the 1995 legislative session, legislation was introduced to amend section 166.021, Florida Statutes. Section 1 of Chapter 95-178, Laws of Florida, amended section 166.021(4) to read in pertinent part:
"However, nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . the terms of elected officers and the manner of their electionexcept for the selection of election dates and qualifying periodsfor candidates and for changes in terms of office necessitated bysuch changes in election dates, . . . without approval by referendum of the electors as provided in s. 166.031. . . ." (e.s.)
Section 2 of Chapter 95-178, supra, created section 100.3605, Florida Statutes, relating to the conduct of municipal elections.[1] Subsection (2) of section 100.3605 provides:
"(2) The governing body of a municipality may, by ordinance, change the dates for qualifying and for the election of members of the governing body of the municipality and provide for the orderly transition of office resulting from such date changes."
An examination of the legislative history of the 1995 legislation indicates an intent that municipalities would be authorized to amend their charters to change the election dates and qualifying periods for candidates, including any changes in terms of office necessitated by such amendment, without a referendum.[2] Moreover, the title for Chapter 95-178, Laws of Florida, states in pertinent part:
"An act relating to municipal elections; amending s. 166.021, F.S.; authorizing amendment of a special law or municipal charter for the purpose of changing election dates and qualifying periods for candidates, including any changes in terms of office necessitated thereby, without referendum; creating s. 100.3605, F.S.; . . . providing for change of qualifying periods and election dates by ordinance and for the orderly transition of office; providing an effective date."
While the title to a statute cannot enlarge the operation or effect of an enactment, it may be used as an aid in the statute's interpretation.[3] The title reflects an intent of the Legislature to permit municipalities to amend their charter to change the election dates and qualifying periods for candidates, including any changes in terms of office necessitated thereby, without referendum.
Accordingly, I am of the opinion that pursuant to section100.3605, Florida Statutes, the City of Mulberry may by ordinance amend its city charter to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 95-178, Laws of Florida, became effective January 1, 1996. See, s. 3, Ch. 95-178, supra.
[2] See, House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement on HB 2209 (passed by the Legislature as Ch. 95-178, Laws of Florida), dated May 10, 1995, stating:
HB 2209 authorizes amendment of a municipal charter or special act without referendum for the purpose of changing municipal election dates and qualifying period for candidates and for the adjustment of terms of office necessitated by such date changes. . . .
[3] See, e.g., Parker v. State, 406 So.2d 1089 (Fla. 1981) (one indicator of legislature's intent is the title of the law enacting the statute); Carlile v. Game and Fresh Water Commission,354 So.2d 362, 365 (Fla. 1977) (reference to the title of a legislative act is appropriate in determining legislative intent); Long v.State, 622 So.2d 536 (Fla. 1st DCA 1993); State, Department ofEnvironmental Regulation v. SCM Glidco Organics Corporation,606 So.2d 722 (Fla. 1st DCA 1992) (to determine legislative intent, court must consider act as whole, i.e., evil to be corrected, language of act, including its title, history of its enactment, and state of law already in existence).