PER CURIAM.
Raymond Pitts, the appellant, appeals an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he sought resentenc-ing pursuant to Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), appeal decided by 759 So.2d 620 (Fla.2000). We affirm as to his several concurrent habitual offender sentences, see Ford v. State, 763 So.2d 1273 (Fla. 4th DCA 2000), but we reverse and remand for the trial court to consider, after the preparation of a corrected 1994 sentencing guidelines scoresheet, whether resentencing is needed with respect to count II of his lower court case no. 96-23432, charging possession of cocaine, for which he received a concurrent non-habitual offender sentence of sixty months.
The possession of cocaine was alleged to have been committed on December 10, 1996, within the window period for raising a Heggs challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000). Although the State maintains that appellant’s sixty-month sentence is within the range produced by a properly calculated 1994 score-sheet, the proposed scoresheet producing that range improperly includes at least one offense which was committed after the effective date of the 1995 sentencing guidelines as determined by Trapp, and properly would be included on a 1995 sentencing guidelines scoresheet. On remand, the trial court is to consider whether appellant is entitled to resentencing on the possession of cocaine count after reviewing a properly prepared 1994 sentencing guidelines score-sheet which does not include offenses properly scored under a 1995 sentencing guidelines scoresheet. See § 921.001(4)(b)4., Fla. Stat. (1997)(“When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, each felony shall be sentenced under the guidelines in effect at the time the particular felony was committed.”); Fla. R.Crim. P. 3.703(d)(3)(“If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing.”); Dillard v. State, 728 So.2d 725 (Fla.1999); Cooper v. State, 743 So.2d 1213 (Fla. 4th DCA 1999).
Affirmed in part, reversed in part, and remanded.
KLEIN, STEVENSON and HAZOURI, JJ., concur.