781 So.2d 486 (2001)
Alvaro ABAUNZA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1817.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
*487 Alvaro Abaunza, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We withdraw our previous two opinions and substitute the following opinion.
Alvaro Abaunza filed a motion to correct illegal sentence, claiming that his sentence was the product of the 1995 amendment to the sentencing guidelines, which was declared unconstitutional in Heggs v. State, 759 So.2d 620, (Fla.2000). We find that he has standing to raise this claim under Trapp v. State, 760 So.2d 924 (Fla.2000).
Abaunza was convicted of one count of false imprisonment and was sentenced to seventy-five months as a habitual felony offender. Although he was sentenced as a habitual offender, his sentence fell within the range of sentences that would have been permitted under the 1995 guidelines. According to his calculations, the sentence would have fallen outside the 1994 guidelines range.
The Heggs decision does not require reversal of every sentence that may have been affected by the defect in the 1995 amendments:
[I]f a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
759 So.2d at 628 (citations omitted). See also Battle v. State, 761 So.2d 1177 (Fla. 4th DCA 2000) (affirming a sentence that "could lawfully have been imposed under the 1994 guidelines without a departure").
Abaunza could have received the same sentence even if his scoresheet had been prepared under the 1994 guidelines. Under the Habitual Offender Act he could have received any sentence up to ten years. §§ 775.084(4)(a)3, 787.02(2), Fla. Stat. (1997).
Because Abaunza could have received the same sentence under the 1994 guidelines without a departure, he is not entitled to any relief under Heggs. We affirm the denial of his motion.
WARNER, C.J., GUNTHER and GROSS, JJ., concur.