791 So.2d 558 (2001)
Christopher OLSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3593.
District Court of Appeal of Florida, Second District.
August 1, 2001.
*559 James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Christopher Olsen challenges the circuit court order denying his Florida Rule of Criminal Procedure 3.800(a) motion without a hearing, arguing that the trial court did not use a properly prepared 1994 guidelines scoresheet. We agree and reverse.
Olsen was convicted of nineteen counts, including first-degree murder and burglary of a dwelling while committing armed battery with a dangerous weapon. Olsen's offenses occurred between May 17-20, 1996, within the Heggs window.[1] The trial court originally sentenced Olsen to life on the first-degree murder charge and gave him habitual offender sentences for the burglary conviction and two other offenses. The trial court erroneously included these habitualized offenses on Olsen's 1995 guidelines scoresheet.
On direct appeal, Olsen did not raise any sentencing issues, but rather challenged the convictions by a sufficiency of the evidence argument. Finding merit in Olsen's claims, this court reversed the burglary conviction, reduced the first-degree murder conviction to second-degree murder, and remanded "for resentencing consistent with the findings herein." Olsen v. State, 751 So.2d 108, 112 (Fla. 2d DCA 2000).
At the resentencing hearing, Olsen argued that he was entitled to be re-sentenced on all the charges. First, he alleged that, pursuant to Heggs, a 1994 guidelines scoresheet should be prepared to replace the previously utilized 1995 scoresheet. Additionally, Olsen argued that the prior imposition of a habitual offender sentence for the attempted seconddegree murder and aggravated battery on a law enforcement officer charges should be reconsidered.
The State maintained that the only offense before the trial court for resentencing was the second-degree murder. The State further argued that even if a 1994 scoresheet was prepared and all the offenses including the second-degree murder were scored, the resulting guidelines sentence would be longer than that originally imposed and, thus, Olsen was not entitled to Heggs relief. Further, the State argued that since Olsen received a habitual offender sentence originally on counts eleven and seventeen, he was not entitled to relief under Heggs because he was not sentenced under the guidelines. The trial court agreed and sentenced Olsen to life imprisonment as a habitual offender for the second-degree murder, leaving the remainder of Olsen's original sentence as previously imposed.
Olsen then filed a 3.800(a) motion to correct sentencing errors, arguing that utilization of a 1994 guidelines scoresheet was required for the offenses for which a habitual offender sentence was not imposed, and that the new scoresheet should not include the offenses for which Olsen was habitualized. The trial court summarily *560 denied the motion as a matter of law. This was error.
As part of the original sentencing scheme, Olsen received guidelines sentences on eight separate counts.[2] As to these counts, Olsen is entitled to the relief available pursuant to Heggs. See Pitts v. State, 771 So.2d 1259 (Fla. 4th DCA 2000).
Additionally, the 1995 scoresheet that was used at the original sentencing included the attempted second-degree murder charge as the primary offense and the aggravated battery on a law enforcement officer charge as an additional offense. This was improper because Olsen was sentenced as a habitual offender on each of these counts. "When a defendant is being sentenced as a habitual offender for some cases and under the guidelines for other cases at the same hearing, it is improper to score the crimes for which he receives habitual offender treatment as additional offenses in calculating the guidelines sentence." Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996).
The State argues that any error was harmless because the sentence imposed could have been imposed without departure under a corrected guidelines scoresheet. The State points out a new scoresheet should include 120 victim injury points for second-degree murder that were not included on the original scoresheet. Thus, the State concludes, Olsen is not entitled to relief from this court. We do not agree that the error here was harmless. When the State makes changes or corrections to a scoresheet in a rule 3.800(a) proceeding, the State must advise the trial court of the changes, and the trial court must afford the defendant the opportunity to respond to or contest any changes. Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001). Here, the additional points were raised for the first time on appeal.
Accordingly, we reverse and remand. On remand, the trial court shall prepare a 1994 guidelines scoresheet, omitting any offenses for which Olsen was sentenced as an habitual offender. If, in fact, such a scoresheet would allow the originally imposed sentence without a departure, as the State suggests, the trial court would be justified in summarily denying Olsen his Heggs relief. However, the trial court must attach a copy of the 1994 scoresheet to the order denying the motion to show conclusively that Olsen is not entitled to Heggs relief. If the State desires to add 120 victim injury points, the trial court shall hold a hearing and give Olsen the opportunity to respond to any proposed changes to the scoresheet.
Reversed and remanded.
FULMER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000).
[2] Of the nineteen counts for which Olsen was convicted, seven of them were misdemeanors. He received habitual offender sentences on three counts and the first-degree murder count carried a mandatory sentence.