807 So.2d 687 (2002)
Bryan K. HURLBURT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-622.
District Court of Appeal of Florida, Second District.
January 9, 2002.
Rehearing Denied February 12, 2002.
*688 Bryan K. Hurlburt, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Bryan K. Hurlburt appeals a trial court order denying his motion for postconviction relief. We affirm without comment the trial court's denial of Mr. Hurlburt's claims of ineffective assistance of counsel. We also affirm the trial court's decision to deny Mr. Hurlburt relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000).
Mr. Hurlburt entered an open plea of guilty to six different offenses in four separate cases and received six concurrent sentences. Two of these sentences were for time served and, thus, are not at issue here. Two of the sentences were habitual felony offender sentences, each in excess of five years. Two were guidelines sentences of five years' imprisonment for two third-degree felonies.
Mr. Hurlburt is not entitled to resentencing under Heggs for his two habitual offender sentences, even though they fell within the 1995 sentencing guidelines range, because habitual offender sentences are not affected by the unconstitutionality of the 1995 sentencing guidelines. See Abaunza v. State, 781 So.2d 486 (Fla. 4th DCA 2001); Hepburn v. State, 778 So.2d 448 (Fla. 3d DCA 2001). Moreover, Mr. Hurlburt is not entitled to withdraw his plea pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc), because he entered an open plea to these charges after having received notice of the State's intent to seek various enhancements.
Finally, Mr. Hurlburt is not entitled to resentencing for the two guidelines sentences. Admittedly, the 1995 scoresheet originally used to sentence Mr. Hurlburt improperly included points for the offenses on which Mr. Hurlburt received habitual offender treatment. See Olsen v. State, 791 So.2d 558 (Fla. 2d DCA 2001) (holding it is improper to score crimes for which defendant is receiving habitual offender treatment on scoresheet when defendant is being sentenced as habitual offender for some cases and under guidelines for others). However, if one excludes these offenses from that scoresheet, a proper 1995 guidelines calculation establishes a sentencing range of 66.6 months to 111 months. A comparable 1994 scoresheet results in a sentencing range of 42 to 70 months. Because Mr. Hurlburt's sentences of five years on these charges were not departure sentences under the 1994 guidelines, he is not entitled *689 to resentencing. See Heggs, 759 So.2d at 627.
Affirmed.
PARKER, ALTENBERND, and COVINGTON, JJ., Concur.