816 So.2d 783 (2002)
Gene Reed ROBBINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5175.
District Court of Appeal of Florida, Second District.
May 10, 2002.
*784 James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Gene Reed Robbins, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Gene Reed Robbins challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Robbins' postconviction motion alleged that his trial counsel was ineffective in failing to investigate a voluntary intoxication defense, failing to provide Robbins with State discovery materials, and failing to present a witness at trial. Robbins raised an additional claim in a subsequent motion to amend and/or supplement his postconviction motion which alleged that Robbins was entitled to resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm the trial court's order denying the three claims raised in Robbins' original postconviction motion without further discussion. Additionally, we affirm the denial of the claim raised in Robbins' motion to amend and/or supplement his postconviction motion but write to discuss our reasons for affirmance.
In his motion to amend and/or supplement his postconviction motion, Robbins claimed that he was entitled to resentencing pursuant to Heggs. The trial court denied his motion concluding that Robbins was not entitled to resentencing under Heggs because he was sentenced as a habitual violent felony offender. Robbins asserts that because the trial court had before it a 1995 guidelines scoresheet when determining his habitual violent felony offender sentence, he was entitled to Heggs relief. We find no merit to Robbins' claim.
Habitual violent felony offender sentences are not subject to the sentencing guidelines. The mere fact that trial court may have reviewed a 1995 guidelines scoresheet when determining Robbins' habitual violent felony offender sentence did not entitle Robbins to Heggs relief. See Hurlburt v. State, 807 So.2d 687 (Fla. 2d DCA 2002) (holding that habitual offender sentences were not affected by the unconstitutionality of the 1995 sentencing guidelines). But cf. Melgares v. State, 762 So.2d 921 (Fla. 3d DCA 1999), reh'g granted in part, 762 So.2d at 922 (Fla. 3d DCA 2000) (suggesting that if trial court expressly stated that it used the 1995 sentencing guidelines as the basis for calculating a defendant's habitual *785 offender sentence, the defendant may be entitled to Heggs relief).
On appeal, Robbins raised for the first time a claim that his collateral counsel was ineffective. Because Robbins failed to raise this issue in the trial court, he failed to preserve this issue for appellate review. See James v. State, 747 So.2d 461 (Fla. 2d DCA 1999) (holding that appellate court could not address claim that collateral counsel was ineffective where claim was not raised before the trial court). Additionally, it appears that Robbins is barred from raising this claim in a postconviction motion in light of the supreme court's recent decision in King v. State, 808 So.2d 1237 (Fla.2002), which held that a claim of ineffective assistance of collateral counsel is not a valid basis for postconviction relief. Affirmed.
BLUE, C.J., and ALTENBERND, J., concur.