SILBERMAN, Judge.
Paul White challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, White argued that his prior convictions in South Carolina should have been considered misdemeanors that could not support the imposition of a habitual felony offender sentence under section 775.084(l)(a), Florida Statutes (Supp.1998). The record reflects that the trial court correctly denied relief on this ground.
In his appellate brief, White raised for the first time a claim that his predicate convictions did not occur within the requisite time period specified by section 775.084(l)(a). Because that claim was not raised in the trial court, it was not preserved for appellate review. See Robbins v. State, 816 So.2d 783, 785 (Fla. 2d DCA 2002). We note, however, that White has not raised the issue of whether his predicate convictions met the sequential convic *608 tions requirement of section 775.084(5), Florida Statutes (Supp.1998). See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001). Therefore, we affirm the order denying relief without prejudice to White’s filing a facially sufficient motion pursuant to rule 3.800(a) regarding issues not previously addressed by the trial court.
DAVIS and CANADY, JJ., Concur.